IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 1:16-CR-00052 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| BRANDON WAYNE MOORE, | * | ORDER DENYING |
| | * | COMPASSIONATE RELEASE |
| Defendant. | * | |

Before the Court is Defendant Brandon Wayne Moore's pro se Motion for Sentence Reduction, filed June 3, 2020. ECF No. 127. Defendant appears to seek compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] The Government filed its resistance on June 16. ECF No. 128. The matter is fully submitted.

Defendant's pro se Motion suffers from two problems. First, the statute's gatekeeping provision requires prisoners petition the Federal Bureau of Prisons (BOP) for compassionate release before making such a motion to the district court. § 3582(c)(1)(A). A prisoner can then bring a motion directly to a district court after exhausting "all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* In other words, a defendant must show at least thirty days have passed since his prison's warden received his compassionate release request. *United States v. York*, No. 3:11-CR-76, 2019 WL 3241166, at *5 (E.D. Tenn. July 18, 2019).

---

[1] Given the liberal construction due to pro se pleadings, Defendant's mention of the COVID-19 pandemic and his claimed inability to make a "formal motion" suggest a desire to seek compassionate release, as many federal prisoners have during the current crisis.

Here, Defendant has made no showing that he first requested compassionate release from his warden.  The Government has confirmed this to be so.  ECF No. 128-1.  Defendant argues that he is unable to make such a request because FCI Milan is under lockdown as it battles a COVID-19 outbreak.  *See COVID-19 Cases*, Fed. Bureau Prisons (June 26, 2020), https://www.bop.gov/coronavirus/.  But other FCI Milan inmates have made internal compassionate release requests.  *See United States v. Thornton*, No. 5:17-CR-26-KKC, 2020 WL 3411571, at *1 (E.D. Ky. June 22, 2020) ("There is no dispute that the defendant has exhausted his administrative remedies with the BOP."); *United States v. Nazzal*, No. 10-20392, 2020 WL 3077948, at *1 (E.D. Mich. June 10, 2020) ("On May 6, 2020, the defendant filed a request for compassionate release with the warden of the prison.");  *United States v. Alzand*, No. 18-CR-20703, 2020 WL 2781824, at *1 (E.D. Mich. May 29, 2020).  Furthermore, the fact Defendant sent a letter to the Court suggests it was possible for him to send a request to his Warden, too.

The Court trusts—or at least *sincerely hopes*—the BOP is not barring inmates from exercising their only remedy as the United States confronts the greatest medical disaster in any of our lifetimes.  If the Court is mistaken, Defendant must state with greater particularity as to how he attempted to make a compassionate release request and was stymied.

Second, even if Defendant's Motion was ripe, the Court would have to deny relief on this record.  As relevant here, compassionate release requires that a Defendant provide extraordinary and compelling reasons that support his release.  § 3582(c)(1)(a)(i).  Although Congress did not define what constitutes "extraordinary and compelling," it did make clear that "[r]ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added).

Here, Defendant appears to offer two reasons for release: COVID-19 and the fact he has engaged in some BOP programming. ECF No. 127. Those facts, at least as presented in Defendant's pro se motion, are insufficient. *See United States v. Pittman*, No. 4:18-CR-00043, 2020 WL 3026346, at *5 (S.D. Iowa June 5, 2020); *United States v. Wilkinson*, No. 1:14-cr-00055, ECF No. 39 (S.D. Iowa May 22, 2020).

Defendant's pro se Motion is thus DENIED without prejudice.

IT IS SO ORDERED.

Dated this 26th day of June 2020.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT